IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| COMPANION ANIMAL HOSPITAL, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| v. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| STOKES HEALTHCARE, INC. dba | ) | |
| EPICUR PHARMA, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Stokes Healthcare, Inc. dba Epicur Pharma, by and through undersigned counsel, and pursuant to 28 U.S.C. § 1441 hereby removes the action captioned as *Companion Animal Hospital v. Stokes Healthcare Inc. dba Epicur Pharma*, docket number CV-21-942533, as filed in the Cuyahoga County, Ohio Court of Common Pleas ("the State Court Action") to the United States District Court for the Northern District of Ohio, Eastern Division – Cleveland, based upon the following:

1. This is a civil action originally filed on or about January 4, 2021 in the Court of Common Pleas of Cuyahoga County, Ohio. True and correct copies of the Plaintiff's Complaint and all process, pleadings, and orders filed in the State Court Action are attached hereto as Exhibit A.

2. Defendant was made aware of the Complaint on January 5, 2021. This petition for removal is being filed within 30 days of Defendant's receipt of the service of the initial pleading.

3. This Court has original jurisdiction over this action as a federal question. Plaintiff has plead a violation of 47 U.S.C. § 227(b)(1)(C).

4. This Court also has original jurisdiction over this action as there is diversity between the named parties of this putative class action.

## TELEPHONE CONSUMER PROTECTION ACT

5. The Federal Telephone Consumer Protection Act, codified at 47 U.S.C. § 227, (hereinafter known as the "TCPA") makes it unlawful to use any telephone facsimile machine, computer, or other device to send to a fax machine and unsolicited advertisement. See 47 U.S.C. § 227(b)(1)(C)

6. The TCPA creates a private right of action for violations of the Act.

7. The TCPA allows for monetary damages in the amount of the actual loss, or $500, whichever is greater.

8. Plaintiff has plead an alleged class of thousands across the nation.

9. Plaintiff alleges that the Defendant sent a single page fax to the Plaintiff on April 15, 2020 with an unsolicited business offer. See Complaint at ¶ 9, ¶11, attached at Exhibit A.

10. Defendant expressly denies the allegations; however, if Plaintiff's Complaint is taken as true, this Court has jurisdiction to rule upon the application of the TCPA to the facts of the case.

11. This Court has original jurisdiction over this action as Plaintiff's claims arise under a federal statute.

## DIVERSITY OF CITIZENSHIP

12. There is diversity of citizenship between Stokes Healthcare, Inc. and Companion Animal Hospital and likely between other putative class members not yet named.

13. Stokes Healthcare, Inc. is a New Jersey corporation with a principal place of business in New Jersey.

14. Plaintiff is a veterinary clinic in Solon, Ohio and is a citizen of Ohio.

15. The amount in controversy will likely exceed $75,000 as Plaintiff has plead a putative class of "hundreds or thousands."

16. The removing defendant is not required to concede liability or prove the amount of damages the plaintiff is likely to recover. Rather, the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of the defendant's liability. Thus to carry its burden, the removing defendant merely needs to show that the potential damages could exceed the jurisdictional requirement. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) ("The point is that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.")

17. Stokes Healthcare, Inc. expressly denies Plaintiff's allegations and denies that Plaintiff or any of the putative class members are entitled to any damages at all or other relief or recovery. But if Plaintiff's allegations are true, the potential damages and other monetary relief, i.e., the amount in controversy would exceed $75,000.

18. With diversity of citizenship and sufficient damages, this action can be removed to federal court pursuant to 28 U.S.C. § 1332 and § 1441.

WHEREFORE, the Defendant Stokes Healthcare, Inc. dba Epicur Pharma, prays that this action be removed to the United States District Court for the District of Northern Ohio, Eastern Division.

Respectfully submitted,

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: */s/ Jillian L. Dinehart*
JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  216.912.3800 / Fax:  216.912.3801
jldinehart@mdwcg.com
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 29, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and via electronic mail.

                                        MARSHALL DENNEHEY WARNER
                                        COLEMAN & GOGGIN

                                        By: */s/ Jillian L. Dinehart*
                                        JILLIAN L. DINEHART (0086993)
                                        *Counsel for Defendant*