skip to main content

Print

# CASE INFORMATION

## CV-21-942533 COMPANION ANIMAL HOSPITAL vs. STOKES HEALTHCARE, INC.

### Docket Information

| Filing Date | Docket Party | Docket Type | Docket Description | View Image |
|---|---|---|---|---|
| 01/05/2021 | N/A | SR | SUMMONS E-FILE COPY COST | |
| 01/05/2021 | D1 | CS | WRIT FEE | |
| 01/05/2021 | D1 | SR | SUMS COMPLAINT(43352517) SENT BY CERTIFIED MAIL. TO: STOKES HEALTHCARE, INC. 8000 COMMERCE PARKWAY SUITE 600 MOUNT LAUREL, NJ 08054 | 📄 |
| 01/04/2021 | N/A | SF | JUDGE WILLIAM F. B. VODREY ASSIGNED (RANDOM) | |
| 01/04/2021 | P1 | SF | LEGAL RESEARCH | |
| 01/04/2021 | P1 | SF | LEGAL NEWS | |
| 01/04/2021 | P1 | SF | LEGAL AID | |
| 01/04/2021 | P1 | SF | COURT SPECIAL PROJECTS FUND | |
| 01/04/2021 | P1 | SF | COMPUTER FEE | |
| 01/04/2021 | P1 | SF | CLERK'S FEE | |
| 01/04/2021 | P1 | SF | DEPOSIT AMOUNT PAID RONALD I FREDERICK | |
| 01/04/2021 | N/A | SF | CASE FILED: COMPLAINT | 📄 |

Only the official court records available from the Cuyahoga County Clerk of Courts, available in person, should be relied upon as accurate and current.

Website Questions or Comments.

Copyright © 2021 PROWARE. All Rights Reserved. 1.1.254



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**January 4, 2021 14:50**

By: RONALD I. FREDERICK 0063609

Confirmation Nbr. 2148083

| | |
|---|---|
| COMPANION ANIMAL HOSPITAL | CV 21 942533 |
| vs. | |
| STOKES HEALTHCARE, INC. | Judge: WILLIAM F. B. VODREY |

Pages Filed: 7

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| COMPANION ANIMAL HOSPITAL<br>6165 SOM Center Road<br>Solon, OH 44139 | )<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE |
| Plaintiff, | )<br>) | |
| -vs- | )<br>) | **CLASS ACTION COMPLAINT AND**<br>**JURY DEMAND** |
| STOKES HEALTHCARE, INC.<br>dba EPICUR PHARMA<br>8000 Commerce Parkway, Suite 600<br>Mount Laurel, NJ 08054 | )<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## INTRODUCTION

Plaintiff Companion Animal Hospital ("Plaintiff") brings this Class Action Complaint against Defendant Stokes Healthcare, Inc. dba Epicur Pharma ("Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited facsimiles to people and businesses who have not given their consent. Plaintiff, for its Complaint, alleges as follows upon personal knowledge as to itself, and as to all other matters, upon information and belief, including investigation conducted by its attorneys.

1. The TCPA prohibits any unsolicited facsimiles.

## PARTIES

2. Plaintiff is a veterinary clinic in Solon, Ohio.

3. Plaintiff is a resident of Ohio who received an unsolicited facsimile from Defendant on its office fax machine, which is a physical machine and not a fax server, without its consent.

4. Defendant is a corporation headquartered and registered in New Jersey.

5. Defendant manufactures and distributes pharmaceuticals to customers nationwide.

6. Defendant solicits small businesses, including medical offices and veterinary clinics, to purchase its services.

## JURISDICTION

7. This Court has jurisdiction under R.C. §2305.01 and Ohio Const. Article IV, Section 4(B).

8. Venue is proper in this Court because Defendant directed its acts and conduct herein to Cuyahoga County, Ohio and Plaintiff's injuries occurred here.

## FACTS

9. On or about April 15, 2020, Plaintiff received a single page facsimile from Defendant on its fax machine. (attached hereto as Exhibit 1).

10. On top of the facsimile is Defendant's business name and website address in bold and large print with a direction to "Learn More!" *Id.*

11. Defendant provides a list of drugs, their dosage amounts and availability, and implores the recipient to "Order today!" next to a phone number in large print. *Id.*

12. Plaintiff has no business relationship with Defendant, did not give Defendant its fax number, and has not consented to be sent a facsimile.

13. On information and belief, Defendant routinely sends its facsimiles to recipients where no relationship exists and sends these facsimiles without prior consent to do so.

14. On information and belief, Defendant continues to solicit businesses by sending these facsimiles nationwide.

15. Plaintiff was damaged by this facsimile by suffering a monetary loss due to the facsimile, incurring the costs of the use of facsimile paper, ink and toner, loss of employee time to

review the facsimile, invasion of privacy, nuisance, interruption of work, trespass to its chattel by interfering with its office facsimile used to aid patients, stress, aggravation, and because a violation of the TCPA itself is a concrete injury.

## **CLASS ALLEGATIONS**

16. Class Definition: Plaintiff brings its action pursuant to Rule 23 of the Ohio Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or businesses, defined as follows:

> All persons in the United States who received a facsimile from or on behalf of Defendant and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from Defendant or where the facsimiles did not provide opt out language, within the four years prior to the filing of the Complaint until the class is certified.

17. Numerosity: The exact number of class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable. The Class likely consists of hundreds or thousands of individuals and businesses. Class members can be easily identified through Defendant's or its agent's records.

18. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

   a) Whether Defendant sent the fax or had it sent on its behalf;

   b) Whether Defendant had or attempted to obtain consent;

   c) How Defendant compiles its list of individuals/companies to send facsimiles;

   d) Whether Defendant has processes in place to prevent unsolicited facsimiles;

   e) Whether Defendant's conduct was willful;

3

f)  Whether Defendant's facsimile was a solicitation; and

g)  Whether Defendant's conduct constitutes a violation of the TCPA.

19. Typicality: Plaintiff's claims are typical of the claims of other Class members and it sustained the same damages as other members of the Class as a result of Defendant's actions.

20. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel competent and experienced in complex litigation and class actions, including TCPA cases. Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and its counsel are committed to vigorously prosecuting this action on behalf of members of the Class and have the financial resources to do so.

21. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class.

**CAUSE OF ACTION**
Violation of 47 U.S.C § 227
(On behalf of Plaintiffs and the Class)

22. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

23. The TCPA expressly prohibits unsolicited facsimile advertising, 47 U.S.C.§ 227(b) (1) (C).

24. Defendant violated this provision by sending unsolicited faxes to Plaintiffs.

25. As a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class suffered actual damages as set forth in paragraph 15 above and under Section 227(b)(3)(B), are each entitled to, *inter alia, a* minimum of $500 in statutory damages for each violation.

4

26. Should the Court determine that Defendant's misconduct was willful and knowingly, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Class to $1,500 per violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

C. Awarding actual and statutory damages;

D. Awarding Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

E. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

F. Awarding any such other and further relief as equity and justice may require.

Respectfully submitted,

/s/Ronald I. Frederick
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400(fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
*Attorneys for Plaintiff*

5

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler, LLC
*One of the Attorneys for Plaintiff*

6



**epicur** ™
PHARMA

*a division of Stokes Healthcare*

**Learn More!**
epicurpharma.com

---

*All Tested for Potency and Sterility*
*Manufactured Under cGMP in our FDA Registered 503B Outsourcing Facility*

## NOW AVAILABLE!
# HYDROMORPHONE
**2 mg/mL Injection**

10 mL = $125.00
5 or more = $75.00 each

## SHIPPING FIRST WEEK IN JUNE
# FENTANYL CITRATE
**50 mcg/mL Injection**

50 mL = $150.00
3 or more = $95.00 each

## NOW AVAILABLE!
# METHADONE HCL
**10 mg/mL Injection**

10 mL = $195.00
3 or more = $150.00 each

### Order today! 888-508-5032

*Disclaimer: Shipping dates and availability as well as pricing are subject to change. Not available in AL, ND, NY, and VA. Quantity limitations may apply.*

*To be removed from our fax list, please call 800-480-6382 or fax 800-440-5899.*

Electronically Filed 01/04/2021 14:50 / / CV 21 942533 / Confirmation Nbr. 2148083 / CLJSZ

**Exhibit 1**

| CASE NO. | SUMMONS NO. | |
|---|---|---|
| CV21942533  D1 CM | 43352517 | Rule 4 (B) Ohio |

Rules of Civil Procedure

## SUMMONS

| COMPANION ANIMAL HOSPITAL | **PLAINTIFF** |
| VS | |
| STOKES HEALTHCARE, INC. | **DEFENDANT** |

STOKES HEALTHCARE, INC.
DBA EPICUR PHARMA
8000 COMMERCE PARKWAY
SUITE 600

MOUNT LAUREL NJ 08054

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

**Plantiff's Attorney**

MICHAEL L FINE
FREDERICK & BERLER LLC

767 EAST 185TH STREET
CLEVELAND, OH 44119

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

WILLIAM F. B. VODREY
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas



By _____ Deputy

| DATE SENT | |
|---|---|
| Jan 5, 2021 | |

COMPLAINT FILED   01/04/2021

