**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**CASE NO. 1:21-CV-21038 – JUDGE MARCIA G. COOKE**

COMPANION ANIMAL HOSPITAL,

    Plaintiff,

vs.

STOKES HEALTHCARE, INC.,
d/b/a EPICUR PHARMA,

    Defendant.

_____

**MOTION TO DISMISS FOR FAILURE TO COMPLY WITH COURT ORDER, FAILURE TO PROSECUTE AND FAILURE TO ENTER APPEARANCE**

COMES NOW, Defendant, STOKES HEALTHCARE, INC., D/B/A EPICUR PHARMA, and files the within Motion to Dismiss, averring as follows:

### I.    FACTS

1. Despite the caption, Plaintiff filed this matter as a putative class action, alleging claims against Defendant seeking monetary relief pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Specifically, Plaintiff seeks to represent a class of persons who did not consent to receiving facsimile advertisements from Defendant, but who nonetheless all received unsolicited facsimile advertisements from Defendant.

3. This matter was originally filed in the Court of Common Pleas of Cuyahoga County, Ohio, and subsequently removed to the United States District Court for the Northern District of Ohio. *See, Document No. 1*.

1

      4.      Defendant filed its Answer and Affirmative Defenses disputing Plaintiff's claims.

*See, Document No. 9.*

      5.      On March 17, 2021, the Honorable Philip Calabrese of the United States District Court of the Northern District of Ohio *sua sponte* transferred this case to the United States District Court for the Southern District of Florida—Miami Division. *See, Document No. 10.*

      6.      Pursuant to the Order, the basis for the *sua sponte* transfer was as follows:

> Because this case involves the same defendant and similar claims under the Telephone Consumer Protection Act to those at issue in *Pet Parade, Inc. v. Stokes Healthcare, Inc.,* Case No. 1:20-CV-24279 ["Pet Parade"], currently pending before Judge Ursula Ungaro, the Court concludes that for the convenience of the parties and the witnesses, and in the interest of justice, this action should be transferred.

*Id.*

      7.      Following the transfer, on April 22, 2021, this Court entered an Order, stating:

> Plaintiff filed an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA"), by which the Plaintiff claims injury from unsolicited facsimile advertising. To assist the Court in the management of the case, the Plaintiff is **ORDERED** to file, *within 21 days of this Order,* a <u>statement of claim</u> summarizing the conduct complained of, relief requested, and reasons therefore. Also, within that allotted time, the Plaintiff must serve a copy of this Order, the statement of claim, and copies of all documents supporting the claim *(e.g.* records, sworn affidavits) on the Defendant's counsel. The Plaintiff must, on that same date, additionally file a notice of full compliance with this Order.
>
> The Defendant, *within 14 days of service of the Plaintiffs statement of claim, is* **ORDERED** to file with this Court <u>a response</u> to the Plaintiff's statement and provide the Plaintiff with copies of all documents supporting its defenses. Concurrently, the Defendant must file a notice of full compliance with this Order.
>
> The Parties are hereby advised that this case will be on the Court's TCPA expedited-track calendar pursuant to which trial will be set nine months after the Plaintiff files the required statement of claim. Furthermore, barring the most extreme of compelling circumstances, **the Court will not grant any**

> ***motions for a continuance and/or extensions of time.*** *Failure to comply with this Order may result in default, dismissal, and/or sanctions.*

*See, Document No. 16.*

8. As of this date, Plaintiff has not filed its Statement of Claim.

## II.   ARGUMENTS

### A. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED PURSUANT TO FED.R.CIV.P. 41(b) FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER.

9. Pursuant to Fed.R.Civ.P. 41(b):

> **Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

10. A district court may dismiss a case without prejudice under Rule 41(b), even *sua sponte,* for failure to prosecute or failure to follow a court order. *See Hanna v. Florida,* 599 F. App'x 362, 363 (11th Cir. 2015) ("Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order.").

11. As set forth above, Plaintiff failed to file its Statement of Claim in violation of this Court's April 22, 2021 Order of Court.

12. Therefore, in accordance with this Court's Order, Defendant respectfully requests that this Court enter an Order dismissing Plaintiff's claims against it.

13. In addition to Plaintiff's failure to comply with this Court's Order to file its Statement of Claim, Plaintiff has made no effort to prosecute its claims since this matter was transferred to this Court.

14. Upon transfer to this Court, the Clerk of Courts advised counsel who was not admitted to practice before this Court in any capacity that they were required to do so, or engage counsel who was able to represent the respective party. *See, Document No. 13.*

15. Over two (2) months have passed and no appropriate counsel have entered their appearance on behalf of Plaintiff.

16. Additionally, Defendant served its Initial Disclosures on January 29, 2021.

17. Plaintiff failed to serve its Initial Disclosures.

18. Importantly, the class action that was cited by Judge Calabrese as the basis for this transfer, *Pet Parade, Inc. v. Stokes Healthcare, Inc. d/b/a Epicur,* 1:20-cv-24279, has now resolved, and currently waits for Court approval before its settlement is finalized. As such, in this case, Plaintiff's claims are meritless because the class definition subsumes the claims in this case.

19. On May 27, 2020, in *Pet Parade,* Plaintiff filed its Unopposed Renewed Motion for Settlement Preliminary Approval of Class Action Settlement and Memorandum of Law, attaching the Settlement Agreement and Release which identified the class as:

> All persons identified on Defendant's Master Fax List who (1) during the four-year period prior to the filing of this action through the date of preliminary approval, (2) were sent a telephone facsimile message advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendant, (3) that did not display an opt-out notice on the first page stating that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, would be unlawful. (hereinafter the "Settlement Class").

*See, Document No. 46, Exhibit "1" in Pet Parade.*

20. *Pet Parade* was filed on October 19, 2020.

21. In this case, Plaintiff alleges that it received a facsimile from Defendant on April 15, 2020. *See, Document No. 1, Exhibit "A"* ¶9.

4

22. The putative class definition in this matter is:

> All persons in the United States who received a facsimile from or on behalf of Defendant and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from Defendant or where the facsimiles did not provide opt out language, within the four years prior to the filing of the Complaint until the class is certified.

*See, Document No. 1, Exhibit "A" ¶16.*

23. Plaintiff's action arises from the same alleged acts committed by Defendant in *Pet Parade*.

24. Plaintiff's basis for recovery rests upon the same theories of liability and concerns the same acts and time period as those in the *Pet Parade* action. The settlement class in *Pet Parade* will include Plaintiff.

25. As Plaintiff's claims are subsumed by the pending class settlement in *Pet Parade*, and because Plaintiff has failed to comply with requirements set forth by the Federal Rules of Civil Procedure and this Court, Plaintiff's action should be dismissed.

26. Based upon the foregoing arguments set forth, Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's claims.

### B. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE IT FAILED TO RETAIN COUNSEL, AND AS AN "ARTIFICIAL LEGAL ENTITY," IT CANNOT PROCEED UNREPRESENTED.

27. Upon transfer to this Court, the Clerk of Courts advised counsel who was not admitted to practice before this Court in any capacity that they were required to do so, or engage counsel who was able to represent the respective party. *See, Document No. 13.* Over two (2) months have passed and no appropriate counsel has entered his/her appearance on behalf of Plaintiff.

28. To the contrary, on March 18, 2021, Holly M. Hamilton, a licensed Florida attorney, entered her appearance on behalf of the Defendant.

29. On March 5, 2021, Danielle M. Vugrinovich, Esquire's Motion for Permission to Appear *Pro Hac Vice* was filed, and subsequently granted on April 26, 2021.

30. On March 10, 2021, Gregory P. Graham, Esquire's Motion for Permission to Appear *Pro Hac Vice* was filed, and subsequently granted on May 4, 2021.

31. It is well settled that corporations, partnerships, and limited liability companies are artificial legal entities that can act only through agents, cannot appear pro se, and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); see also *Souffrant v. Denhil Oil, LLC*, No. 10–80246–CIV, 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies."). Consequently, when such entities are unrepresented in litigation and fail to retain counsel despite notice and an opportunity to do so, their claims or defenses may be dismissed. *See, e.g., Palazzo*, 764 F.2d at 1386 (affirming dismissal of corporation's claims because it failed to retain counsel despite opportunity to do so).

*See, United States v. Natalie Jewelry*, 14-CR-60094, 2015 WL 150841, at *4 (S.D. Fla. Jan. 13, 2015), *report and recommendation adopted sub nom. United States v. Jewelry*, 14-60094-CR, 2015 WL 1181987 (S.D. Fla. Mar. 13, 2015).

32. Because it appears as though Plaintiff is an "artificial legal entity,"[1] it cannot represent itself. Over two (2) months have passed and no appropriate counsel has entered an appearance on behalf of Plaintiff. No communication to the Court or counsel for Defendant indicating that new counsel is being located has transpired. Put simply, Plaintiff has done nothing

---

[1] Plaintiff failed to identify its corporate structure in its Complaint.

6

whatsoever and no indication has been provided that Plaintiff intends to do anything to further this case. As no appearance by counsel was entered, Plaintiff's claims must be dismissed.

### III. CONCLUSION

33. Based upon the foregoing arguments set forth, Defendant respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's claims.

WHEREFORE, Defendant, STOKES HEALTHCARE, INC. D/B/A EPICUR PHARMA, respectfully requests that the attached proposed Order be entered and all claims against Defendant be dismissed.

### CERTIFICATE OF ATTEMPT TO CONFER IN GOOD FAITH

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the Movant has been unable to confer with Plaintiff due to Plaintiff's failure to engage counsel to represent it in this action. Defendant will serve this Motion on Plaintiff's counsel of record prior to the transfer to this Court.

Date: June 2, 2021

Respectfully submitted,

/s/ Holly M. Hamilton
Holly M. Hamilton, Esquire
Florida Bar Number 113307
**Counsel for Defendant, Stokes Healthcare, Inc.**
2400 East Commercial Blvd., Suite 1100
Fort Lauderdale, FL 33308
(954) 847-4920
(954) 627-6640/fax
HXHamilton@mdwcg.com
SLThompson@mdwcg.com

Danielle M. Vugrinovich, Esquire
 (Admitted Pro Hac Vice)
Greg P. Graham, Esquire
 (Admitted Pro Hac Vice)
**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
Union Trust Building, Suite 700

        501 Grant Street
        Pittsburgh, PA  15219
        Telephone:  412-803-1140
        Facsimile:  412-803-1188

        *Attorneys for Defendant, Stokes Healthcare, Inc., doing business as Epicur Pharma*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of U.S. District Court for the Southern District of Florida on June 2, 2021 by using the Court's CM/ECF system which will send a notice of electronic filing to all counsel of record and counsel of record in the United States District Court for the Northern District of Ohio.

        Respectfully submitted,

        **MARSHALL DENNEHEY**
        **WARNER COLEMAN & GOGGIN**
BY: */s/ Holly M. Hamilton*
        HOLLY M. HAMILTON, ESQUIRE
        Florida Bar Number 113307
        **Counsel for Defendant, Stokes Healthcare, Inc.**
        2400 East Commercial Blvd., Suite 1100
        Fort Lauderdale, FL 33308
        (954) 847-4920
        (954) 627-6640/fax
        HXHamilton@mdwcg.com
        SLThompson@mdwcg.com

LEGAL/138624196.v1